**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| ALEJANDRO FIALLOS-VIDES, | ) | No. EDCV 09-1392 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I.   BACKGROUND**

Plaintiff Alejandro Fiallos-Vides was born on March 23, 1965 and was forty-three years old at the time of his administrative hearing. [Administrative Record "AR" 25.] He has a high school diploma and one year of college. Id. Plaintiff alleges disability on the basis of

1

loss of hearing, cervical spine, back and neck injury, and blackouts. [AR 50.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on July 23, 2009, and filed on July 30, 2009.  On December 28, 2009, Defendant filed an Answer and Plaintiff's Administrative Record.  On February 23, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") on February 20, 2007, alleging disability since May 13, 2005.  [JS 2.] After the application was denied initially and on reconsideration, an administrative hearing was held on December 15, 2008, before an Administrative Law Judge ("ALJ").  [Transcript, AR 23.]  Plaintiff appeared with counsel, and testimony was taken from Plaintiff and a vocational expert.  [Id.] The ALJ denied benefits on May 8, 2009. [Decision, AR 8-21.]  When the Appeals Council denied review on June 26, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject

the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

        Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
        Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
        Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
        Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

    Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler,

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 13, 2005 (step one); that Plaintiff had "severe" impairments, namely cervical strain, status-post head trauma, post-concussive syndrome, adjustment disorder not otherwise specified, cervical spine disc bulge, and thoracic strain (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 10, 16.] Plaintiff was found to have an RFC enabling him to perform light work with the limitations of lifting 20 pounds occasionally and 10 pounds frequently; sitting, standing or walking for up to six hours each in an eight-hour day; and no work at heights or around dangerous, unguarded, moving machinery or similar hazardous environments. [AR 17.] Further, the ALJ found that Plaintiff is limited to work involving simple, routine, and repetitive non-public tasks. Id. The ALJ thus determined that Plaintiff cannot perform his past relevant work (step four). [AR 19.]  The vocational expert ("VE") testified that Plaintiff would be able to perform several jobs that exist in significant numbers in the national economy such as hand packager, table worker, cleaner, or housekeeper (step five). [AR 21.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. Id.

---

765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C. PLAINTIFF'S PRESENT CLAIMS**

The parties' Joint Stipulation sets out the following disputed issues:

1. Whether the ALJ properly considered the State Agency findings.
2. Whether the ALJ properly considered the Plaintiff's RFC.
3. Whether the ALJ properly considered the type, dosage, and side effects of Plaintiff's prescribed medications.
4. Whether the ALJ posed a complete hypothetical question to the vocational expert.
5. Whether the ALJ properly held that the Plaintiff can perform the job of hand packager, table worker and cleaner.

[JS 2-3.]

Because Issue One is dispositive, the court need not reach the additional grounds raised in the Joint Stipulation.

**D. ISSUE ONE: STATE AGENCY REVIEW PHYSICIAN'S OPINION**

**Background**

Plaintiff's alleged disability originated from a workplace accident that occurred on May 13, 2005, while Plaintiff was employed by Bank of America. [AR 27.] Plaintiff tripped on construction materials then fell and hit his head. Id. He lost consciousness and experienced seizures. Id. Plaintiff testified that since his accident, he experienced severe headaches, pain in his arms, neck, and upper back, and numbness in two fingers on his left hand. [AR 27-28.] Following the accident, Plaintiff received conservative treatment for his injuries, and began physical therapy treatment in July of 2005. [AR 214.] Plaintiff's symptoms did not resolve as quickly as anticipated, and Plaintiff continued to receive treatment from his

1  treating orthopedist, Dr. Charles Saddler. [AR 233-64.] On March 22,
2  2006 Plaintiff underwent a neurological examination with Dr. Maryam
3  Beigi, who became his treating neurologist. [AR 296-321.] Dr. Beigi
4  prescribed Topomax, and Plaintiff repeatedly reported that his
5  headaches were manageable when he took the medication. [AR 298-99,
6  301-02.] On January 8, 2007, Dr. Beigi diagnosed Plaintiff with a
7  "sprain of the left shoulder, cervical and thoracic spine, and chest
8  contusion" due to a fall sustained when Plaintiff blacked out on
9  December 23, 2006.  [AR 304.]
10      Plaintiff's case was considered by several State Agency medical
11 consultants.  The first non-examining consultant to opine on
12 Plaintiff's condition was Dr. George Spellman. [AR 265-67.] Dr.
13 Spellman's report was dated April 26, 2007. [AR 265.]  Although he did
14 not complete a RFC assessment form, Dr. Spellman concluded Plaintiff
15 had a RFC for light work, with a "limitation to avoid working at
16 heights or with open running machinery." [AR 267.] Another non-
17 examining medical consultant for the State Agency, Dr. Gina Rivera-
18 Miya, completed a Physical Residual Functional Capacity Assessment
19 form. [AR 287-91.]  Dr. Rivera-Miya opined that Plaintiff had
20 exertional limitations that restricted him to occasionally lifting
21 and/or carrying twenty pounds, frequently lifting and/or carrying ten
22 pounds, standing and/or walking for about six hours in an eight-hour
23 work day, and sitting for about six hours in an eight-hour work day.
24 [AR 288.] Additionally, Dr. Rivera-Miya noted that Plaintiff was
25 posturally limited to occasional climbing of ramps and stairs,
26 balancing, stooping, kneeling, crouching, or crawling. [AR 289.]
27 Plaintiff was also limited to never climbing ladders, ropes, or
28 scaffolds. Id.  Further, Dr. Rivera-Miya opined that Plaintiff had

limited ability to reach in all directions, including overhead. Id. Dr. Rivera-Miya's assessment was supported by a third State Agency consultant, Dr. Barbara A. Smith. [AR 292-95.] Dr. Smith adopted Dr. Rivera-Miya's objective finding that Plaintiff had a limited range of motion at his left shoulder and confirmed the initial RFC for light work with limitations to avoid heights and hazardous machinery. [AR 294.]

**The Commissioner's Finding**

In the administrative decision, the ALJ noted the evaluations of Doctors Spellman, Rivera-Miya, and Smith. [AR 13.] The ALJ found that Plaintiff had a functional capacity equivalent to light work, but the RFC finding did not include the reaching limitation noted by Dr. Rivera-Miya, and reiterated by Dr. Smith. Id. The ALJ stated that Dr. Rivera-Miya "imposed limitations consistent with light work activity." Id. Plaintiff asserts that the ALJ improperly ignored postural, manipulative, and environmental limitations expressed in Dr. Rivera-Miya's opinion and therefore, it was reversible error. [JS 3-5.]

**Discussion**

Under the Commissioner's regulations, state agency medical physicians and other program physicians are considered highly qualified experts in the area of Social Security disability evaluations, and their evaluations must be considered by the Commissioner as opinion evidence except for the ultimate determination of disability. 20 C.F.R. § 404.1527(f)(2)(I).[2]  Here, Dr. Rivera-

---

[2] However, the opinion of a non-examining physician is normally entitled to less deference than that of an examining or treating physician precisely because of a lack of opportunity to conduct an

8

Miya's findings were not called into question by the opinions of the examining and treating physicians on record. Further, Dr. Rivera-Miya's finding as to Plaintiff's limitations, specifically his reaching limitation, was affirmed by Dr. Smith in her RFC assessment. [AR 294.] Dr. Rivera-Miya's assessment of Plaintiff's limitation to reaching in all directions (including overhead) is relevant to the jobs the ALJ found Plaintiff able to perform. The ALJ found Plaintiff capable of performing the jobs of hand-packager, cleaner, table worker, and housekeeper. [AR 20.] According to the Dictionary of Occupational Titles ("DOT") the job of hand-packager requires constant reaching, which exists two-thirds or more of the time, while the jobs of cleaner, table worker and housekeeper require frequent reaching, which exists from one-third to two-thirds of the time. See DOT 920.587-018 (hand packager); 323.687-014 (cleaner, housekeeping); 739.687-182 (table worker); 321.137-010 (housekeeper). The record provides no basis for the apparent disregard of this significant limitation. Accordingly, reversal and remand for further proceedings are required.

**E.    REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility).

---

independent examination and lack of a treatment relationship with the claimant. Benecke v. Barnhart, 379 F.3d 587, 592 (9th Cir. 2004).

1  However, where there are outstanding issues that must be resolved
2  before a determination can be made, and it is not clear from the
3  record that the ALJ would be required to find the claimant disabled if
4  all the evidence were properly evaluated, remand is appropriate.  Id.
5  Here, as set out above, outstanding issues remain before a finding of
6  disability can be made.  Accordingly, remand is appropriate.

### VI.  ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to Defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 29, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge

10